# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 04-1758

BRIAN T. WILLIAMS,

*Applicant,*

*v.*

UNITED STATES OF AMERICA,

*Respondent.*

———————

On Application for an Order Authorizing
the District Court to Entertain a Second or
Successive Motion for Collateral Review

———————

SUBMITTED MARCH 26, 2004—DECIDED APRIL 22, 2004[1]

———————

Before POSNER, RIPPLE, and ROVNER, *Circuit Judges.*

PER CURIAM.  Brian Williams did not appeal his 240-month sentence for participating in a drug trafficking conspiracy. However, after the time to appeal expired, he filed a motion to withdraw his guilty plea. The district court construed the filing as a motion under 28 U.S.C. § 2255 and Williams filed a motion to amend his pleadings, which the court granted. Ultimately, the district court denied collateral

———————

[1]  This opinion was released in typescript with the notation that a printed version would follow.

relief, *Williams v. United States*, No. 01-4016 (C.D. III. June 19, 2001), and this court denied Williams' request for a certificate of appealability. No. 01-3298 (7th Cir. Nov. 21, 2001). Now Williams has filed an application for an order pursuant to 28 U.S.C. § 2244(b)(3) authorizing the district court to consider a second or successive collateral attack.

Relying on *Castro v. United States*, 124 S. Ct. 786 (2003), Williams argues that he need not obtain authorization because he did not receive adequate notice of the consequences of pursuing his motion under § 2255. Under *Castro*, decided two years after the events at issue here, a district court may not "recharacterize a *pro se* litigant's motion as the litigant's first § 2255 motion *unless* the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing." *Id.* at 789. The record clearly establishes that the district court notified Williams of its intent to recharacterize his motion and allowed him to add claims to the recharacterized motion. The application, however, does not show that the district court warned Williams about the consequences of recharacterization under § 2255 ¶8. Assuming the district court did not warn Williams about the restrictions on second or successive collateral attacks, the warnings were inadequate under *Castro* and, thus, the prior proceeding does not count for purposes of § 2255 ¶8.

Accordingly, we DISMISS as unnecessary Williams' application for leave to commence a successive collateral attack.

A true Copy:

Teste:

_____

*Clerk of the United States Court of
Appeals for the Seventh Circuit*